<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| SUSAN COLAGRECO, <br><br> *Plaintiff,* <br><br> v. <br><br> TARGET CORPORATION et al., <br><br> *Defendants.* | Civil Action No. 25-16278 <br><br> **OPINION AND ORDER** <br><br> June 16, 2026 |

**SEMPER**, District Judge.

 **THIS MATTER** comes before the Court upon the Motion to Remand filed by Plaintiff Susan Colagreco ("Plaintiff") on October 21, 2025.  (ECF 4, "Mot.")  Defendant Target Corporation, incorrectly pled as Target Stores ("Defendant") filed an Opposition to Plaintiff's Motion on November 3, 2025.  (ECF 6, "Opp.")  Plaintiff did not file a reply brief in support of her Motion.  The Court has determined this matter upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons discussed below, Plaintiff's Motion is hereby **DENIED**.

 **WHEREAS** this action was removed from Bergen County Superior Court in Bergen County, New Jersey on October 6, 2025 by Defendant Target Corporation.  (ECF 1, "Notice of Removal" or "Notice.")  This action is derived from an incident that occurred at a Target store in Edgewater, New Jersey, where Plaintiff allegedly slipped and fell in the Target store and sustained "serious personal injuries" that "will cause in the future … permanent disability, disfigurement and loss of bodily function" among other alleged anticipated harms.  (*See* Notice); and

1

**WHEREAS** Defendants received a copy of Plaintiff's Complaint on or about September 15, 2025.  (Notice.)  Defendants removed this action pursuant to 28 U.S.C. § 1441 on October 6, 2025.  (*Id.*)  Plaintiff challenges the removal and moves to remand this action back to the Superior Court of New Jersey, Law Division, Bergen County.  (Opp.); and

**WHEREAS** the federal removal statute allows a defendant to remove an action filed in state court to a federal court which would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  The statute requires the Notice of Removal to be filed within 30 days after the defendant receives the initial pleading "setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C.  § 1446(b).  Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"  28 U.S.C. § 1332(a).

When an action is removed by a defendant, a plaintiff may challenge the removal by moving to remand the case.  28 U.S.C. § 1447.  The two grounds for remand are "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).  A motion for remand based on a procedural defect must be filed within thirty days of the notice of removal, *see* 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933  F.2d  1207, 1212–13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)); and

2

**WHEREAS** in this instance, the removal of this action was procedurally valid because Defendant filed the Notice of Removal within 30 days of receiving the Complaint.[1] (*See* Notice); and

**WHEREAS** the sole argument presented in Plaintiff's Opposition is that "[t]he Complaint has various fictitious individual and corporate defendants who managed, operated, and cleaned the area in question and who the defendant hired to clean the property and debris. Upon information and belief, these are individuals who reside in New Jersey and thus there is no diversity." (Opp. at 1.) The federal removal statute states in explicit terms that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether removal is proper based on diversity jurisdiction. 28 U.S.C. § 1441. Therefore, Plaintiff's arguments fail as a matter of law; and

**WHEREAS** Plaintiff does not dispute that complete diversity exists between the named parties in this action. Plaintiff is a citizen of the State of New Jersey and Defendant is a corporate citizen of the State of Minnesota. (ECF 6 at 4.) Plaintiff's counsel does not dispute in the Opposition that the amount in controversy exceeds $75,000. (*Id.*) Indeed, the injuries and harms that Plaintiff alleges in her Complaint, filed as an attachment to the Notice of Removal, suggests the amount in controversy plausibly exceeds $75,000. (*See generally* Notice); and

**WHEREAS** because the Court maintains original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441, and there being no defect in the removal procedure, Plaintiff's Motion to Remand (ECF 4) is hereby **DENIED.**

---

[1] As discussed earlier in this Opinion, Defendants received Plaintiff's Complaint on or around September 15, 2025 and filed their Notice of Removal on October 6, 2025. (ECF 1.) Therefore, the Notice of Removal was made 21 days after receipt of the complaint and is procedurally proper.

3

**IT IS** on this **16th** day of **June 2026**, hereby:

**ORDERED** that Plaintiff's Motion to Remand is **DENIED** for the reasons stated in this

Opinion and Order.

                                        /s/ Jamel K. Semper
                                        **HON. JAMEL K. SEMPER**
                                        **United States District Judge**

Orig:   Clerk
cc:     Andre M. Espinosa, U.S.M.J.
        Parties

4